FILED

2011 MAR 18  PM 4: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Los Angeles, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs*
   *Coach Inc., and Coach Services, Inc.*
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                                          GHK (JEMx)

11 COACH, INC., a Maryland Corporation;  ) CASE NO. **CV11-02348**
   COACH SERVICES, INC., a Maryland     )
12 Corporation,                          ) **COMPLAINT FOR DAMAGES:**
                                         )
13              Plaintiffs,               ) **1. CONTRIBUTORY TRADEMARK**
                                         )    **INFRINGEMENT;**
14       v.                              )
                                         ) **2. VICARIOUS COPYRIGHT**
15 PACIFIC THEATRES                      )    **INFRINGEMENT;**
   ENTERTAINMENT CORPORATION, a          )
16 California Corporation; and DOES 1-10,) **3. CONTRIBUTORY COPYRIGHT**
   inclusive,                            )    **INFRINGEMENT;**
17                                       )
              Defendants.                )
18                                       )    **JURY TRIAL DEMANDED**
                                         )
19

20       Plaintiffs Coach, Inc., and Coach Services, Inc. ("Plaintiffs") for their claims

21 against Defendant Pacific Theatres Entertainment Corporation ("Defendant")

22 respectfully allege as follows:

23                       **JURISDICTION AND VENUE**

24       1.    Plaintiffs file this action against Defendant for contributory trademark

25 infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the

26 "Lanham Act") and vicarious copyright infringement and contributory copyright

27 infringement under the Copyright Act, 17 U.S.C. § 501, et seq.  This Court has subject

28

1  matter jurisdiction over the federal trademark and copyright claims pursuant to 28

2  U.S.C.A §§1121(a), 1331, 1338(a).

3      2.    This Court has personal jurisdiction over Defendant because Defendant

4  does business within this judicial district, and the acts complained of occurred in this

5  judicial district.

6      3.    This action arises out of wrongful acts by Defendant within this judicial

7  district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the

8  claims asserted arise in this district.

9  **THE PARTIES**

10      4.    Plaintiff Coach, Inc. is a corporation duly organized and existing under

11  the laws of the state of Maryland, with its principal place of business in New York,

12  New York.  Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc.,

13  is a corporation duly organized and existing under the laws of the state of Maryland

14  with its principal place of business in Jacksonville, Florida.  Plaintiffs Coach, Inc. and

15  Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

16      5.    Upon information and belief, Defendant Pacific Theatres Entertainment

17  Corporation is a corporation duly organized and existing under the laws of the state of

18  California at 120 North Robertson Boulevard, Los Angeles, California 90048.

19      6.    Plaintiffs are unaware of the names and true capacities of Defendants,

20  whether individual, corporate and/or partnership entities, named herein as DOES 1

21  through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will

22  seek leave to amend this complaint when their true names and capacities are

23  ascertained.  Plaintiffs are informed and believe, and based thereon allege, that said

24  Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

25  wrongs alleged herein, and that at all times referenced each was the agent and servant

26  of the other Defendants and was acting within the course and scope of said agency and

27  employment.

28

2
**COMPLAINT FOR DAMAGES**

1       7.     Plaintiffs are informed and believe, and based thereon allege, that at all

2 relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or

3 reasonably should have known of the acts and behavior alleged herein and the damages

4 caused thereby, and by their inaction ratified and encouraged such acts and behavior.

5 Plaintiffs further allege that Defendant and DOES 1 through 10, inclusive, had a non-

6 delegable duty to prevent or cause such acts and the behavior described herein, which

7 duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

8              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9     **A.**    **The Coach Brand and its Family of Marks**

10       8.     Coach was founded more than sixty years ago as a family-run workshop

11 in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and

12 sale of fine leather and mixed material products including handbags, wallets,

13 accessories, eyewear, footwear, jewelry and watches.  Coach sells its goods through its

14 own specialty retail stores, department stores, catalogs and via an Internet website

15 www.coach.com throughout the United States.

16       9.     Coach is the worldwide owner of the trademark "COACH" and various

17 composite trademarks and assorted design components (collectively "Coach Marks").

18 Coach Marks include but are not limited to the following marks:

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751, 493 | 06/25/1963 |
|  | 1,071,000 | 08/09/1977 |
|  | 2,088,706 | 08/19/1997 |
|  | 3,157,972 | 10/17/2006 |
| *Coach* est. 1941 | 3,413,536 | 04/15/2008 |

| | | |
|---|---|---|
| | 3,251,315 | 06/12/2007 |
| | 3,441,671 | 06/03/2008 |
| | 2,252,847 | 06/15/1999 |
| | 2,534,429 | 01/29/2002 |
| | 1,309,779 | 12/18/1984 |
| | 2,045,676 | 03/18/1997 |
| | 2,169,808 | 06/30/1998 |
| <br>Signature "C" Logo | 2,592,963 | 07/09/2002 |
| | 2,626,565 | 09/24/2002 |
| | 2,822,318 | 03/16/2004 |
| | 2,832,589 | 04/13/2004 |
| | 2,822,629 | 03/16/2004 |
| | 3,695,290 | 10/13/2009 |
| <br>Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |
| | 3,012,585 | 11/08/2005 |

COMPLAINT FOR DAMAGES

| | | |
|---|---|---|
| | 3,338,048 | 11/11/2007 |
| | 2,162,303 | 06/02/1998 |
| | 2,088,707 | 08/19/1997 |

10.    Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks. These registrations are valid and subsisting and are incontestable. Through longstanding use, advertising, and registration, the Coach Marks have achieved a high degree of consumer recognition and constitute famous marks.

11.    Coach and its predecessors have continuously used the Coach Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

12.    Plaintiff's Coach Marks are highly recognized by the public and serve to identify the source of the goods as Coach.

13.    Coach has achieved sales volumes of over three billion dollars annually and has spent over a hundred million dollars in advertising, promoting, and marketing goods bearing the Coach Marks. As such, the Coach Marks and the goodwill associated therewith are valuable assets of Coach.

14.   Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which it appears.

**B.   Counterfeiting Activities at Pacific Swap Meets**

15.   Upon information and belief, Plaintiffs aver that Defendant Pacific Theatres Entertainment Corporation ("Pacific Theatres") owns and operates various swap meets in California and Hawaii, collectively known as the "Pacific Swap Meets."

16.   Upon information and belief, Plaintiffs aver that Pacific Theatres has the largest chain of swap meets in California. There are four located in Los Angeles and Orange County and one in Modesto. In addition to the California swap meets, Pacific Theatres operates the "Kam Swap Meet," located in Aiea, Hawaii.

17.   Upon information and belief, Plaintiffs aver that vendors at the Pacific Swap Meets pay a rental fee to Pacific Theatres in exchange for booth space to sell their goods.

18.   Upon information and belief, Plaintiffs aver that Pacific Theatres receives an entrance fee from each customer who attends Pacific Swap Meets.

19.   Counterfeit Coach merchandise has often been discovered being offered for sale and sold by various vendors at the Pacific Swap Meets.

20.   In or around July 2010, Coach put Pacific Theatres on notice of the counterfeiting activities taking place at Pacific Swap Meets and requested Pacific Theatres to cease and desist from permitting the sale of counterfeit merchandise on its premises.

21.   Surveys have been conducted at the Pacific Swap Meets since then, and Coach investigators continue to find counterfeit Coach merchandise being offered for sale and sold by various vendors.

## **FIRST CLAIM FOR RELIEF**

### **(Contributory Trademark Infringement)**

22.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23.     The Coach Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

24.     Upon information and belief, Plaintiffs hereon aver that Defendant Pacific Theatres directly controls the premises of the Pacific Swap Meets and the activities that take place thereon.  Defendant has the ability to control the activities of the vendors on their premises via its right to terminate vendors that operate at Pacific Swap Meets.

25.     Defendant receives a direct financial benefit from its vendors via the rental fees it charges the vendors and the admission fees they charge the patrons.

26.     Counterfeit Coach merchandise has been discovered being offered for sale and sold by various vendors at the Pacific Swap Meets.  Many of the counterfeit Coach merchandise obtained from the vendors at the Pacific Swap Meets bear infringements of one or more of the Coach Marks.

27.     Defendant has received notice of the counterfeiting activities of its vendors, but Defendant has failed to take any action to stop these counterfeiting activities, over which they have direct control.

28.     Despite knowledge of its vendors' counterfeiting activities, Defendant has continued to rent its facilities out to counterfeiters and permit the counterfeiting activities to continue, thereby materially contributing to and perpetuating said counterfeiting activities.

29.     Defendant has derived an obvious and direct financial benefit from its vendor's counterfeiting activities.

COMPLAINT FOR DAMAGES

30.     The counterfeiting of the Coach Marks is the great and irreparable damage of Coach, and Coach is informed and believe, as indicated, that Defendant will continue to benefit from said counterfeiting activities unless enjoined by this Court.

31.     Defendant's activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiffs.

32.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

33.     As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their businesses and reputations unless Defendant is restrained by this Court from infringing Plaintiffs' trademarks.

34.     Defendant's acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

35.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

36.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37.   In addition to its various trademark registrations to the Coach Marks, Coach owns various copyright registrations thereto ("Coach Copyrights").  The Coach Copyrights include but are not limited to the following:

| Copyright | U.S. Registration No(s). |
|---|---|
| | VA 1-714-051 |
| | VA 1-694-574 |
| | VA 1-723-169 |

38.   Upon information and belief, Plaintiffs hereon aver that Defendant Pacific Theatres directly controls the premises of the Pacific Swap Meets and the activities that take place thereon.  Defendant has the ability to control the activities of the vendors on their premises via its right to terminate vendors that operate at Pacific Swap Meets.

39.     Defendant receives a direct financial benefit from its vendors via the rental fees it charges the vendors and the admission fees they charge the patrons.

40.     Counterfeit Coach merchandise has often been discovered being offered for sale and sold by various vendors at the Pacific Swap Meets.  Many of the counterfeit Coach merchandise obtained from the vendors at the Pacific Swap Meets bear infringements of one or more of the Coach Copyrights.

41.     Defendant has received notice of the counterfeiting activities of its vendors, but Defendant has failed to take any action to stop these counterfeiting activities, over which they have direct control.

42.     Defendant has derived an obvious and direct financial benefit from its vendor's counterfeiting activities.

43.     The counterfeiting of Coach's Copyrights is the great and irreparable damage of Coach, and Coach is informed and believe, as indicated, that Defendant will continue to benefit from said counterfeiting activities unless enjoined by this Court.

44.     Coach has suffered loss of profits and other damage, and Defendant has derived a direct financial benefit from the illegal profits derived from its vendors' counterfeiting activities.

45.     Coach has no adequate remedy at law.

46.     In light of the foregoing, Coach is entitled to injunctive relief prohibiting the advertising, offering for sale, and/or sale of counterfeit Coach merchandise and to to recover from Defendant all damages, including attorneys' fees, that Defendant has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

/ / /

/ / /

### THIRD CLAIM FOR RELIEF

### (Contributory Copyright Infringement)

47.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48.    Coach owns valid registrations to the Coach Copyrights (see above).

49.    Upon information and belief, Plaintiffs hereon aver that Defendant Pacific Theatres directly controls the premises of the Pacific Swap Meets and the activities that take place thereon.  Defendant has the ability to control the activities of the vendors on their premises via its right to terminate vendors that operate at Pacific Swap Meets.

50.    Defendant receives a direct financial benefit from its vendors via the rental fees it charges the vendors and the admission fees they charge the patrons.

51.    Counterfeit Coach merchandise has been discovered being offered for sale and sold by various vendors at the Pacific Swap Meets.  Many of the counterfeit Coach merchandise obtained from the vendors at the Pacific Swap Meets bear infringements of one or more of the Coach Copyrights.

52.    Defendant has received notice of the counterfeiting activities of its vendors, but Defendant has failed to take any action to stop these counterfeiting activities, over which they have direct control.

53.    Despite knowledge of its vendors' counterfeiting activities, Defendant has continued to rent its facilities out to counterfeiters and permit the counterfeiting activities to continue

54.    Defendant has derived an obvious and direct financial benefit from its vendor's counterfeiting activities.

55.    The counterfeiting of Coach's Copyrights is the great and irreparable damage of Coach, and Coach is informed and believe, as indicated, that Defendant will continue to benefit from said counterfeiting activities unless enjoined by this Court.

56.     Coach has suffered loss of profits and other damage, and Defendant has derived a direct financial benefit from the illegal profits derived from its vendors' counterfeiting activities.

57.     Coach has no adequate remedy at law.

58.     In light of the foregoing, Coach is entitled to injunctive relief prohibiting the advertising, offering for sale, and/or sale of counterfeit Coach merchandise and to to recover from Defendant all damages, including attorneys' fees, that Defendant has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant, as follows:

1.     Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, their officers, agents, vendors, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Marks and/or Coach Copyrights, or any other marks/designs confusingly similar or substantially similar thereto;

(b)     leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, or marketing of products that

1  bear the Coach Marks and Coach Copyrights, or any other marks/designs confusingly
2  similar or substantially similar thereto;

3        (c)   engaging in any other activity constituting unfair competition with
4  Coach, or acts and practices that deceive consumers, the public, and/or trade, including
5  without limitation, the use of designations and design elements associated with Coach;

6        (d)   engaging in any other activity that will dilute the distinctiveness of
7  the Coach Marks and Coach Copyrights; and

8        (e)   committing any other act which falsely represents or which has the
9  effect of falsely representing that the goods and services of Defendant is licensed by,
10  authorized by, offered by, produced by, sponsored by, or in any other way associated
11  with Plaintiffs;

12      2.   Ordering Defendant to file with this Court and serve on Coach within
13  thirty (30) days after entry of the injunction a report in writing, under oath setting forth
14  in detail the manner and form in which Defendant has complied with the injunction;

15      3.   Ordering an accounting by Defendant of all gains, profits and advantages
16  derived from their wrongful acts;

17      4.   Awarding Plaintiffs all of Defendant's profits and all damages sustained
18  by Plaintiff as a result of Defendant's wrongful acts, and such other compensatory
19  damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C.
20  § 1117(a) and 17 U.S.C. § 504(a);

21      5.   Awarding treble damages in the amount of Defendant's profits or
22  Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15
23  U.S.C. § 1117(b);

24      6.   Awarding applicable interest, costs, disbursements and attorneys' fees,
25  pursuant to 15 U.S.C. § 1117(b);

26      7.   Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c)
27  and 17 U.S.C. § 504(c);

28

8.    Such other relief as may be just and proper.

Dated:  March 14, 2011                    BLAKELY LAW GROUP

                                          By:  _____
                                               Brent H. Blakely
                                               Cindy Chan
                                               *Attorneys for Plaintiffs*
                                               *Coach, Inc. and Coach Services, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated:  March 14, 2011                    BLAKELY LAW GROUP

                                          By:  _____
                                               Brent H. Blakely
                                               Cindy Chan
                                               *Attorneys for Plaintiffs*
                                               *Coach, Inc. and Coach Services, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV11- 2348 GHK (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
COACH, INC.
COACH SERVICES, INC.

**DEFENDANTS**
PACIFIC THEATRES ENTERTAINMENT CORPORATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BLAKELY LAW GROUP
915 North Citrus Avenue, Hollywood, California 90038
(323) 464-7400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement - LANHAM ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: CV11-02348

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
 ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
 ☐  Check here if the **government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | COACH, INC. - New York<br>COACH SERVICES, INC. - Florida |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
 ☐  Check here if the **government, its agencies or employees is a named defendant. If this box is checked, go to item (c).**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
 **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _(signature)_          Date March 14, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>PACIFIC THEATRES ENTERTAINMENT CORPORATION, a California Corporation; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-02348 GHK (JEMx)<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>PACIFIC THEATRES ENTERTAINMENT CORPORATION</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __BLAKELY LAW GROUP_____, whose address is __915 North Citrus Avenue, Hollywood, California 90038_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___18 MAR 2011___

By: _____
       Deputy SEAL
       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*